IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TUESDI HEATH                                                                                    PLAINTIFF

v.                              Civil No. 1:24-cv-01078-SOH-MEF

AMY STVARTAK; STEPHANIE HOLMES;
and OFFICER JONATHAN TUBBS                                                              DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion to Dismiss for Failure to Comply with Court Orders. (ECF Nos. 34, 36). Plaintiff has not responded and her time to do so has passed. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred the instant motion to the undersigned for the purpose of making a Report and Recommendation.

### I.     BACKGROUND

Plaintiff, Tuesdi Heath, originally submitted this 42 U.S.C. 1983 action *pro se* on November 4, 2024, in the Eastern District of Arkansas. (ECF No. 1). The Eastern District transferred the case to this Court on November 5, 2024. (ECF No. 2). The Court then ordered Plaintiff to file an Amended Complaint and an *in forma pauperis* ("IFP") Application. (ECF Nos. 6-7). Plaintiff complied and filed her Amended Complaint and IFP Application on November 18, 2024. (ECF Nos. 8-9). The Court granted Plaintiff IFP status on December 11, 2024. (ECF No. 11).

On March 17, 2025, Defendant Tubbs filed a Motion for Summary Judgment on the limited issue of exhaustion. (ECF No. 25). Defendants Holmes and Stvartak then moved to join Defendant Tubb's Motion for Summary Judgment. (ECF No. 28). The Court granted this Motion and construed the Motion for Summary Judgment to move for judgment on behalf of all Defendants. (ECF No. 30).

The Court then ordered Plaintiff to respond to the Motion for Summary Judgment by April 10, 2025. (ECF No. 31). Plaintiff was specifically informed:

> If you do not respond, your case may be dismissed and judgment may be entered in favor of the Defendants without a trial. If you need more time to respond, you must file a motion requesting an extension of time before the due date set by the Court.

*Id.* This Order was mailed to Plaintiff at his address of record and not returned as undeliverable mail. Plaintiff failed to respond to Defendant Tubb's Motion for Summary Judgment.

On April 14, 2025, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to comply with the Court's April 10, 2025 Order. Plaintiff's response was due by May 5, 2025. (ECF No. 33). This Order to Show Cause was mailed to Plaintiff's address of record and was not returned as undeliverable mail. Plaintiff failed to respond.

On May 7, 2025, Defendants Holmes and Stvartak filed a Motion to Dismiss based on Plaintiff's failure to comply with the Court's Orders. (ECF No. 34). Defendant Tubbs then filed a Motion to Join the Motion to Dismiss. (ECF No. 36). The Court granted Defendant Tubbs Motion to join. (ECF No. 41). Plaintiff did not respond to the Defendants' Motion to Dismiss.[1]

---

[1] On June 18, 2025, the Court granted a Motion to substitute attorney for Defendant Tubbs. (ECF No. 39). This Order was mailed to Plaintiff's address of record on June 18, 2025 and was returned as undeliverable mail on July 8, 2025. (ECF No. 40). This unrelated Order is the first returned mail the Court has received from Plaintiff's address of record. Due to Plaintiff's clear failure to comply with previous Court Orders prior to this returned mail, the Court need not rely on Plaintiff's failure to keep the Court informed of her current address for the recommended dismissal herein.

Plaintiff has not communicated with the Court since filing her Amended Complaint and IFP Application on November 18, 2024. (ECF Nos. 8-9).

## II. DISCUSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. ... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Further, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct"; (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must

3

consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

As evidenced by the docket, Plaintiff has failed to prosecute this case and comply with the Court's Orders. Plaintiff was specifically notified in the Court's Order entered on March 20, 2025, to respond to Defendant Tubb's Motion for Summary Judgment, and that failure to respond would subject this case to dismissal without a trial. (ECF No. 31). Again, in the Order to Show Cause entered on April 14, 2025, the Court reminded Plaintiff that failure to respond would subject the case to dismissal. (ECF No. 33). Finally, Plaintiff failed to oppose the Defendants' Motions to Dismiss this case. The Court, however, does not find dismissal with prejudice is warranted here as no discovery has been completed nor any summary judgment motions on the merits filed.

### III. CONCLUSION

Therefore, it is **RECOMMENDED**, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), that Defendants' Motion to Dismiss (ECF No. 34) be **GRANTED**, and Plaintiff's Amended Complaint (ECF No. 8) be **DISMISSED WITHOUT PREJUDICE**.

4

**REFERRAL STATUS: The referral in this case shall be terminated.**

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

DATED this 24th day of July 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

5